**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN DARYL RICE** | ) | |
| | ) | |
| **v.** | ) | **3-09-CV-1483-M** |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**:  This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254,

**Parties**: The Petitioner is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division, at the Byrd Unit, Huntsville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of theft of property of a value over $20,000.00 but less than $100,000.00 as charged in the indictment returned in No. F-05-50144-KT Rice was tried by a jury which returned a verdict of guilty and thereafter assessed his punishment at a term of 25 years imprisonment.

Petitioner appealed his conviction and in an opinion issued on March 26, 2007, the Fifth

Court of Appeals affirmed his conviction in Appeal No. 05-06-01399-CR.  His subsequently filed

petition for discretionary review was dismissed as not having been timely filed.

He filed an application and an amended application for habeas corpus relief pursuant to art.

11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal

Appeals on June 24, 2009, on findings of the trial court without hearing.  No. WR-70,992-01.  His

§ 2254 petition was filed in this court on August 7, 2009.  *See* Rule 3(d), Rules Governing Section

2254 Cases.  In response to the petition and this court's show cause order Respondent filed his

answer together with a copy of the prior state proceedings.  Petitioner filed a reply on January 25,

2010.

**Findings and Conclusions**: In his first ground for relief, liberally construed, Rice attacks

the sufficiency of the evidence.  In his answer Respondent contends that this claim is unexhausted.

Since Petitioner did not timely file a petition for discretionary review, the only means available for

exhausting state remedies is a habeas application pursuant to art. 11.07.  *See e.g. Richardson v.*

*Procunier,* 462 F.2d 429, 432 (5th Cir. 1985). A comparison of his art. 11.07 application to his

federal petition reflects that Ground One of the latter is essentially a verbatim reiteration of Ground

Three in his state habeas application.  *See* No. WR-70,992-01 at 035.  However, the state trial court

did not address the sufficiency of the evidence claim except in a most conclusary rejection of the

same on the merits.  *Id.* Findings of Fact and Conclusions of Law, at 064, ¶ 9.  The state courts'

disposition of this claim is rendered all the more ambiguous and problematic in light of the fact that

sufficiency of the evidence claims are ordinarily not cognizable in a collateral proceeding brought

by a Texas state prisoner.  *See e.g. Clark v. State of Texas,* 788 F.2d 309 (5th Cir. 1986).

Although a federal court cannot grant habeas corpus relief on an unexhausted claim, it is

permissible to deny relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2). However, under the present record Rice is not entitled to relief on this ground irrespective of whether or not he exhausted available state remedies.

In his direct appeal Rice presented two issues alleging that the elements of theft of property with a value of $20,000.00 or more had not been proved beyond a reasonable doubt. The Fifth Court of Appeals applied the federal standard for analyzing an insufficiency of the evidence claim, to wit: *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979) and summarized in detail the evidence presented to the jury and found that the *Jackson* standard had been met and therefore affirmed Petitioner's conviction. *See* No. 05-06-01399-CR, opinion issued on March 26, 2007. There is no reason to restate the evidence and that court's analysis. Suffice it to say that Rice's insufficiency of the evidence claim is wholly lacking in merit.

In his second and third grounds for relief Rice claims that he was denied effective assistance of counsel by his appellate attorney, Catherine Bernhard, and by his trial attorney, William D. Cox, III. Respondent concedes that these claims were exhausted in the art. 11.07 application.

The court will first examine trial counsel's performance under the well-established two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). A habeas petitioner must overcome the strong presumption that his attorney's performance fell within the wide range of professional assistance. Further, he must prove both that the attorney's performance fell below an objective standard of representation required by the Sixth Amendment and that but for the attorney's unprofessional errors, there is a reasonable probability that the outcome would have been different. A failure to prove either prong is fatal to a claim of ineffective assistance of counsel. *Strickland, supra,* 466 U.S. at 693.

Rice accuses his trial attorney of having failed to conduct an adequate investigation including interviewing witnesses and having failed to present the testimony of Officer Linda M. Willis.  In order to establish a basis for relief based upon an incomplete investigation, a petitioner must show what an adequate investigation would have uncovered and how his defense would have benefitted from its discovery.  *See e.g. Nelson v. Hargett,* 989 F.2d 847, 840 (5th Cir. 1993); *Lockhart v. McCotter,* 782 F.2d 1275, 1282 (5th Cir. 1986).  It is readily apparent that Rice has failed to satisfy this burden given that the only support provided is his speculation as to what the omitted investigation might have disclosed. In order to state a colorable basis for relief based upon the testimony of an uncalled witness a petition must provide an affidavit or declaration of that person setting out the facts on which she was competent to testify and that she was available and willing to testify at trial had she been called.  *See e.g. Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002) (citing *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001). Petitioner has failed to fulfill this requirement as well.  Moreover, the jury was fully aware that Rice's employer and owner of the vehicle initially did not believe that the vehicle and its contents had been stolen.  *See* S.O.F. Reporter's Record, Vol. 3 at 43.  However, any doubt was removed with Petitioner's admissions to his employer after he had been apprehended by the police.  *Id.* at 49-50.  Such an admission removed any reasonable probability that a jury would have acquitted him of the offense of theft over $20,000.00.  Rice's trial attorney's representation was not constitutionally deficient.

It is well established that a convicted person is entitled to the effective assistance of counsel in the context of a direct appeal.  *See Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746 (2000). An appellate attorney's performance is analyzed under the same two-part test enunciated in *Strickland v. Washington.*

After Rice's first court-appointed counsel on appeal filed a brief in the Fifth Court of Appeals he was granted leave to withdraw at which time Ms. Bernhard was substituted. He claims that he wanted her to file a supplemental brief raising additional issues, to wit: ineffective assistance of trial counsel and a further ground attacking the sufficiency of the evidence. The United States Constitution does not impose a requirement that every ground urged by a defendant be included as a point of error in an appellate brief. *Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830 (1985) (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308 (1983). In this case the trial record was insufficient to support a claim of ineffective assistance of counsel and an insufficiency of the evidence claim on the basis which Rice wished to present would have been patently frivolous.

Although the magistrate judge fully agrees that the state courts were correct in denying Petitioner's art. 11.07 application, as Rice acknowledges in his reply, relief is unavailable unless it be established that the Court of Criminal Appeals' denial of relief "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Rice has not satisfied either foreclosing federal habeas corpus relief. *See e.g. Yarborough v. Gentry,* 540 U.S. 1, 124 S.Ct. 1 (2003).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 22nd day of February, 2010.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE


A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).